**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4003

GREGORY BERNARD WHITENER,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-98-209)

Submitted: June 8, 1999

Decided: July 22, 1999

Before WIDENER, ERVIN, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Matthew Martin, MARTIN & MARTIN, P.A., Hillsborough, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Harry L. Hobgood, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Gregory Bernard Whitener pled guilty to bank robbery, 18 U.S.C.A. § 2113(a) (West Supp. 1999), and received a sentence of forty-six months imprisonment. He appeals his sentence on the ground that the district court erred in enhancing his sentence for a threat of death. See U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(F) (1998). We affirm.

Whitener robbed a bank by giving the teller a note which said, "I have a gun this is a holdup!! Place $1200 (Twelve Hundred Dollars) in this envelope now and no one gets hurt LARGE BILLS PLEASE." The district court held that the enhancement for making a threat of death should apply because the statement in the note was enough to place a reasonable person in fear for his or her life if Whitener's instructions were not followed.

Guideline section 2B3.1(b)(2)(F) provides for a two-level enhancement "if a threat of death is made." The commentary further provides that the death threat may consist of an oral or written statement, an act, a gesture, or a combination of these. The threat to kill need not be expressly stated. The enhancement should be applied in cases where the defendant's conduct would cause a reasonable victim to fear death. USSG § 2B3.1, comment. (n.6); see also United States v. Murray, 65 F.3d 1161, 1167 (4th Cir. 1995) ("a threat to shoot a firearm at a person during a robbery, created by any combination of statements, gestures, or actions that would put an ordinary victim in reasonable fear for his life, is an express threat of death," even if the robber does not possess a gun).

Whitener argues on appeal, as he did in the district court, that the enhancement should not apply in his case because he made no specific threats to kill the teller or gestures indicating an intent to kill. He asserts that he did not actually have a gun, that he merely stated that he had a gun, and that a mere statement that the robber has a gun should not be enough to trigger the enhancement. However, Whitener did more than just state that he had a gun. He also impliedly threatened to use the gun if his demand for money was not fulfilled. As

2

explained in <u>Murray</u> and in Application Note 6 to § 2B3.1, a threat to shoot someone is a threat of death. Therefore, Whitener's statement in the demand note constituted a threat of death and we find that the district court did not err in making the enhancement.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3